IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRIAN OBLAD,<br><br>    Plaintiff,<br><br>v.<br><br>UTAH STATE PRISON et al.,<br><br>    Defendants. | **MEMORANDUM DECISION & ORDER DENYING MOTIONS & REQUIRING AMENDED COMPLAINT**<br><br>Case No. 2:17-CV-95-DB<br><br>District Judge Dee Benson |

Plaintiff, inmate Brian Oblad, filed this civil rights suit, *see* 42 U.S.C.S. § 1983 (2018). On November 14, 2017, the Court screened the Complaint, *see* 28 id. § 1915A, and ordered Plaintiff to file an amended complaint to cure deficiencies before further pursuing his claims. Plaintiff has since filed "Amended and Supplemental Complaint," filed December 22, 2017, (Doc. No. 33); "Supplemental Complaint," filed December 26, 2017, (Doc. No. 36); and, "Amended and Supplemental Complaint, filed December 28, 2017, (Doc. No. 39).

**Deficiencies in Amended and Supplemental Complaints**

Complaints:

(a) labeled "amended and supplemental" show a lack of understanding that all defendants and claims must once and for all be addressed and organized in a single amended complaint.

(b) have claims apparently regarding current confinement; however, the complaint was apparently not drafted with the help of contract attorneys.

**Instructions to Plaintiff**

Plaintiff should consider the following points before refiling his complaint. First, the revised complaint **must stand entirely on its own and shall not refer to, or incorporate by**

**reference, any portion of the original or other amended and supplemental complaints**. *See Murray v. Archambo,* 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original).

Second, the complaint must clearly state what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly who is alleged to have done what to whom.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

Fourth, "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

## ORDER

**IT IS HEREBY ORDERED** that:

(1) Plaintiff must within thirty days cure the deficiencies noted above.

(2) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

(3) Plaintiff's second motion for appointed counsel, (Doc. No. 35), is **DENIED**, for the same reasons stated in the prior order in this case denying appointment of voluntary *pro bono* counsel, (Doc. No. 2). **The Clerk of Court shall take note that no further motions for appointed counsel will be accepted by the Court**.

(4) Plaintiff's motions to amend his complaint are **GRANTED**. (Doc. Nos. 37 & 40.) As outlined above, to proceed further with this case, Plaintiff must file another amended complaint complying with the Court's guidance.

(5) Plaintiff's motion to issue subpoena is **DENIED**. (Doc. No. 38.) This motion is premature as there is still not a valid complaint on file here.

(6) Inmate Mark Kimball's Motion for Class Action is **DENIED**. (Doc. No. 41.) Kimball is not a party to this case.

DATED this 7th day of June, 2018.

BY THE COURT:

JUDGE DEE BENSON
United States District Court