IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRIAN OBLAD,<br><br>                      Plaintiff,<br><br>v.<br><br>STATE OF UTAH et al.,<br><br>                      Defendants. | **MEMORANDUM DECISION<br>& DISMISSAL ORDER**<br><br><br>Case No. 2:17-CV-95 DB<br><br>District Judge Dee Benson |

Plaintiff, Brian Oblad, proceeds *in forma pauperis*, *see* 28 U.S.C.S. § 1915 (2019), in this *pro se* civil-rights suit, *see* 42 *id.* § 1983. The Court now screens Plaintiff's Sixth Amended Complaint and concludes that it fails to state a claim upon which relief may be granted.

**A. Standard of Review**

This Court shall dismiss claims in a complaint filed *in forma pauperis* that are frivolous, malicious, or fail to state a claim upon which relief may be granted. *See* 28 *id.* § 1915(e)(2)(B). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an[other] opportunity to amend." *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999). When reviewing a complaint's sufficiency, the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is *pro se,* the Court construes his pleadings "liberally" and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Id.* at 1110. However,

"[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

## B. Analysis

Plaintiff asserts Defendants State of Utah, Larson, Strong, Dietrich, Smith, Daniels, Zimmerman, and John Does violated his federal civil rights by discarding his property.

### 1. State Immunity

The Eleventh Amendment prevents "suits against a state unless it has waived its immunity or consented to suit, or if Congress has validly abrogated the state's immunity." *Ray v. McGill*, No. CIV-06-0334-HE, 2006 U.S. Dist. LEXIS 51632, at *8 (W.D. Okla. July 26, 2006) (unpublished) (citing *Lujan v. Regents of Univ. of Cal.*, 60 F.3d 1511, 1522 (10th Cir. 1995); *Eastwood v. Dep't of Corrs.*, 846 F.2d 627, 631 (10th Cir. 1988)). Plaintiff asserts no basis for determining that the State has waived its immunity or that it has been abrogated by Congress. Because claims against the State are precluded by Eleventh Amendment immunity, the Court has no subject-matter jurisdiction to consider them. *See id.* at *9. The State is therefore dismissed.

### 2. John Does

John Does are dismissed from this action "because the Federal Rules of Civil Procedure [do] not permit . . . actions against unnamed defendants following a suitable length of time for the plaintiff to identify the John Does." *Culp v. Williams*, 456 F. App'x 718, 720 (10th Cir. 2012). There is "no excuse for [Plaintiff's] failure to identify the unnamed defendants after more than a year into the case." *Id.* Here, Plaintiff's action is more than 2.5 years old and is on the

seventh iteration of his complaint. That is more than enough time for Plaintiff to "specify names or detailed descriptions, along with exact titles, of John Does defendants," as Plaintiff was ordered to do. (Doc. No. 60.)  John Doe defendants are thus dismissed.

### 3**. Random Deprivation**

Plaintiff asserts remaining defendants discarded his property (e.g., mail, artwork, hygiene items, clothing) without due process and resulting in cruel-and-unusual punishment. However, "a random and unauthorized deprivation of property under color of state law . . . does not give rise to a § 1983 claim if there is an adequate state post-conviction remedy." *Frazier v. Flores*, 571 F. App'x 673, 675 (10th Cir. 2014) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

Plaintiff's claims fit under this rubric: First, he has not alleged "his property was seized pursuant to a consistent policy and not just a random, unauthorized act." *Id.* at 676. Second, there could be no hearing (in keeping with due-process precepts) because "individual correctional officers' alleged practice of arbitrarily seizing inmates' property with scant justification is not the type of 'established state procedure' under which the state can 'predict precisely when the loss will occur' and thus provide a hearing beforehand." *Id.* (quoting *Parratt v. Taylor*, 451 U.S. 527, 541 (1981)). Third, Plaintiff has not alleged that Utah does not have options for him to pursue a remedy for Defendants' alleged intentional torts. *See Hudson*, 468 U.S. at 535-36. Finally, Plaintiff was specifically advised of the need to state facts to support this allegation. (Doc. No. 60, at 2.) Still, he has not done so.

**ORDER**

**IT IS HEREBY ORDERED** that Plaintiff's Sixth Amended Complaint is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C.S. § 1915(e)(2)(B) (2019). This action is **CLOSED**.

DATED this 31st day of October, 2019.

BY THE COURT:

_____

DEE BENSON
United States District Judge